IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EMMANUEL CHUKWUEBEKA UZOECHI,
    *Plaintiff*,

v.

MARCO RUBIO,
    *Defendant*.

Civil Action No.
1:25-cv-3317-ABA

**MEMORANDUM OPINION AND ORDER**

    Self-represented Plaintiff Emmanuel Chukwuebuka Uzoechi filed a complaint against Marco Rubio as Secretary of the Department of State on October 6, 2025. ECF No. 1. Plaintiff's complaint includes only one sentence in the statement of claim: "Your Honor (Honorable James K Bredar), Mr. Emmanuel Chukwuebuka Uzoechi looks forward to being handed his well-deserved U.S. Passport soon, based on the declaration of the U.S Copyright Office (Congress) that was made on April 13th 2018." *Id.* § III. Plaintiff's complaint also includes two sentences for relief: "(i) Brief recall based on court records. Your Honor (Honorable James K Bredar), Mr. Emmanuel Chukwuebuka Uzoechi once filed a claim against the State of Maryland for damages around December 2016 and till date no compensation has been made yet. (ii) This current (fresh) claim against the U.S. department of State is centered around the issuance of Mr. Emmanuel Chukwuebuka Uzoechi's U.S passport without payment based on current financial constraints." *Id.* § IV. Plaintiff's complaint will be dismissed due to failure to state a claim. Accordingly, Plaintiff's motion to proceed in forma pauperis (ECF No. 2) will be denied as moot.

1

I.  **Standard of Review**

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, "[e]ven *pro se* litigants [must] state their claims in a[n] understandable and efficient manner"; "a district court 'is not obliged to ferret through a [c]omplaint, searching for viable claims.'" *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (quoting *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) and *Wynn-Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012)).

The Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Plaintiff has not paid the fee and has instead moved for *in forma pauperis* status. In such a situation, "the court shall dismiss the case" if it determines that, among other things, the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

II. **Discussion**

   A.  **Plaintiff's request for citizenship and a free passport based on a declaration by the U.S. Copyright Office is barred**

"[C]ollateral estoppel, also known as issue preclusion, prevents parties from relitigating factual or legal issues already adjudicated in an earlier matter." *Musselwhite*

*v. Mid-Atlantic Rest. Corp.*, 809 F. App'x 122, 128 (4th Cir. 2020) (citing *Sykes v. Blue Cross & Blue Shield of N.C.*, 372 N.C. 318, 324 (2019)). "This is so because the doctrine advances 'the twin policy goals of 'protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation.''" *Id.* (quoting *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 16 (2004)).

> For the doctrine of collateral estoppel to apply, the following four-part test must be satisfied: 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question? 2. Was there a final judgment on the merits? 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? 4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Bank of N.Y. Mellon v. Georg*, 456 Md. 626, 668 (2017) (citing *Colandrea v. Wilde Lake Comm. Ass'n, Inc.*, 361 Md. 371, 391 (2000)).

On February 14, 2019, Plaintiff filed a complaint before Judge Blake requesting that the "court grant his request for naturalization 'based on the declaration of the United States Copyright Office.'" *Uzoechi v. Collett*, Case No. 19-cv-448-CCB, ECF No. 12 at 1 (D. Md. October 11, 2019). In that case, Judge Blake explained to the Plaintiff that "the U.S. Copyright Office has no authority to declare him a U.S. citizen" and thus granted the government's motion to dismiss. *Id.* at 2–3. To the extent that Plaintiff is requesting this Court to consider him a United States citizen on the basis of the same declaration by the U.S. Copyright Office, that issue was already decided in the previous case, which resulted in a final judgment dismissing the complaint based on the fact that the statement by the U.S. Copyright Office did not grant Plaintiff citizenship and in which Plaintiff had a fair opportunity to be heard on the issue. *See id.* Although the defendant in this case differs from the defendant in Judge Blake's case, defendants in

3

both cases are representatives of agencies of the United States government against which Plaintiff is making the same claim of citizenship. Therefore, Plaintiff is collaterally estopped from bringing this claim.

To the extent that any claim related to Plaintiff seeking a free passport remains, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff provides no indication, even if *arguendo* he were eligible to receive a U.S. passport, that he has a cognizable claim that can be redressed by judicial relief. 22 U.S.C. § 214 allows for the United States government to charge fees for the issuance of passports and provides specific instances in which that fee is waived; it also grants discretion to the Secretary of State to issue regulations exempting additional individuals from paying the passport fee. *See* 22 C.F.R. § 51.52. Plaintiff has not alleged any facts to show that he fits under any the exempted categories or that he suffered any cognizable injury such as being wrongfully denied an exemption. Therefore, Plaintiff has failed to plausibly state a claim and the Cout will dismiss the complaint.

**B. Plaintiff's request for compensation from his previous case is improper**

Plaintiff's complaint also mentions a previous action from December 2016 before Judge Bredar and requests that this Court assist in him receiving compensation from that claim. ECF No. 1 § IV. First, filing a lawsuit against a new defendant is the improper means of collecting a judgment to which one is entitled from a different defendant. *See* Fed. R. Civ. P. 69(a)(1); Md. Code Ann., Cts & Jud. Proc. §§ 11-401–11-511. In any event, Plaintiff is not entitled to any judgment in his previous case, as judgment was entered in favor of the defendants on May 29, 2018. *Uzoechi v. Wilson*, Case No. 16-cv-3975-JKB, 2018 WL 2416113, at *4, 12 (D. Md. May 29, 2018). Plaintiff appealed this case to the

4th Circuit, which affirmed, *Uzoechi v. Wilson*, 735 F. App'x 65 (Mem) (4th Cir. 2018), and filed a petition for a writ of certiorari with the Supreme Court, which denied the petition, *Uzoechi v. Wilson*, 586 U.S. 1024 (2018). Therefore, Plaintiff is not entitled to judgment or any compensation in relation to his previous case.

## ORDER

Because Plaintiff has failed to adequately allege any claim upon which relief can be granted, the complaint is DISMISSED WITH PREJUDICE. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

Date: October 30, 2025

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Adam B. Abelson
　　　　　　　　　　　　　　　　　　United States District Judge